UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :

v.   :   Criminal No. 1:06-mj-00120-JMF-1

RAYMOND F. COOKE   :

Defendant   :

## MOTION TO RE-OPEN PRETRIAL DETENTION RULING

Comes now the Defendant, RAYMOND F. COOKE, by and through counsel, Richard A. Finci and the Law Offices of Houlon, Berman, Bergman, Finci & Levenstein and pursuant to 18 U.S.C. §3142(f)(2) and respectfully states as follows:

1. On March 17, 2006, a Detention Hearing was conducted before United States Magistrate Judge John Facciola in the above referenced matter. At the hearing, Judge Facciola ordered Defendant's detention pending Trial and issued a Detention Memorandum on March 20, 2006, a copy of which is attached hereto at Tab 1.

2. In the Detention Memorandum, the Court found "clear and convincing evidence that there are no conditions or combination of conditions which could reasonably assure the safety of the community." The factual basis for the Court's ruling was the Defendant's involvement in "selling large quantity of drugs." The only factors weighing against those drug quantities, according to the Court, was Defendant's proffered "lifelong ties to the D.C. area to rebut the presumption of dangerousness created by the Bail Reform Act."

3. Pursuant to 18 U.S.C. §3142, Defendant respectfully suggests that information exists not known to the Court at the time of the hearing which rebut the presumption of dangerousness and demonstrate conditions which would reasonably assure the safety of the community.

4. At the time of the hearing, the Court was not presented with evidence concerning Defendant's retail store located at Landmark Mall called Urban Styles with an address of 5801 Duke Street. The store employs a total of four individuals including Defendant, his 15 year old daughter and two other employees.

At the time of Defendant's arrest and incarceration, he was in the process of re-negotiating the lease for the business and purchasing new lines of clothing for sale. Presently, Defendant's family is attempting to negotiate a 30 day extension of the lease so as the business is not lost outright. It is Defendant's intention to negotiate a longer lease to allow his family to continue with this successful business. At the time of a hearing on this Motion, Defendant intends to offer additional documentary evidence in support of and to corroborate this paragraph.

5. Additionally, prior to his detention, Defendant was under the care of Dr. David Pearl, a Cardiologist, who is treating Defendant for high blood pressure and an arterial blockage. He previously had an angiogram in 2004 and is being closely monitored. Defendant has recently been seen by a doctor at CTF but has not been allowed to continue on the same medications he was on prior to his incarceration and his medical condition has suffered as a result.

6.   It is respectfully suggested to this Honorable Court that the Court did not base its decision on any evidence demonstrating that firearms or violence were in any way involved in Defendant's alleged drug dealing. Moreover, it is further evident that the number of alleged drug deals and the weight of the amount allegedly purchased in this case was controlled by the undercover officers. If the testimony of the officer's at the Preliminary Detention Hearing was accurate, Defendant could have been arrested after the first transaction. Thus, the quantities allegedly involved in this case should not control the Detention issue. It is respectfully suggested that if the Detention Statute had intended to require detention where more than one drug transaction is involved, it would so state.

Moreover, while Defendant has a very old criminal conviction, he has no prior record at least for the purposes of the Federal Sentencing Guidelines and will thus be treated as a first offender. In the absence of any demonstration of actual dangerousness, the mere nature of the charge in this case, it is respectfully suggested, does not outweigh the other factors and conditions which the Court can establish such as curfew, regular drug testing and similar conditions to protect the community.

**WHEREFORE**, Defendant respectfully requests the following relief:

1.   That this Honorable Court reopen the Detention Hearing and accept further evidence as described above.

2.   That the Court release Defendant on personal recognizance and/or other conditions to reasonably assure his appearance and protect the community at large.

    3.    Such further and additional relief as just may require.

Respectfully submitted,

_____
RICHARD A. FINCI
HOULON, BERMAN, BERGMAN,
FINCI & LEVENSTEIN
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
(301) 459-8200
e-mail: finci@houlonberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of _____, 2006, a copy of the foregoing Line was mailed, postage pre-paid, to:

Martin Dee Carpenter, Esquire
United State's Attorney
for the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001

_____
RICHARD A. FINCI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CR NO. 06-120 (JMF)

RAYMOND COOKE - 01,
TAMMY ODOM - 02,

Defendants.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On Tuesday, March 14, 2006, at approximately 8:00 p.m., Detective Lavinia Quigley, working undercover for the Metropolitan Police Department along with Detective Allen, was in the vicinity of the 800 block of Delafield Place, N.W. in Washington, D.C. Previously, Allen had arranged by phone to meet Odom in that area and purchase 125 grams of crack cocaine for $4,000.

2. When the police arrived at the location, Odom came out of her house and got into the officers' unmarked car. Allen gave Odom $4,000. Shortly thereafter, Cooke drove up in a burgundy Maxima with Virginia tags and stopped approximately 20

feet in front of the unmarked car.

3. Odom got out of the unmarked car and entered Cooke's car. After a few minutes, Odom got out of Cooke's car and reentered the unmarked car. Odom gave Allen a clear ziplock bag, which contained 125 grams of crack cocaine. Odom was then arrested

4. Cooke was arrested moments after he had driven away. From Cooke's car, the police seized the $4,000 in pre-marked funds. From Cooke's left coat pocket, the police seized three plastic bags. One of the bags contained crack cocaine and two of the bags contained powder cocaine. From Cooke's pants pocket, the police seized $239.

5. The activities that took place in the undercover car was audio and videotaped and Cooke's car was under electronic surveillance.

6. On six prior occasions and in the same manner described above, Odom had facilitated the sale of crack cocaine to these undercover officers. On three of those occasions, Odom had facilitated the sale of 62 grams of crack cocain and on the remaining three occasions, Odom had facilitated the sale of 125 grams of crack cocaine. On four of the six prior occasions, Cooke supplied Odom with the drugs she then sold to the undercover officers in the exact same manner as occurred on March 14, 2006.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on

2

any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

3

  d.  Record concerning appearance at court proceedings;

  e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged, that these two defendants were involved in the wholesale distribution of large quantities of crack cocaine is clearly one involving a narcotic drug.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**

Odom is a lifelong resident of the District of Columbia. She is divorced and has three children, none of whom live with her. Odom completed two years of college education.

Cooke is a lifelong resident of the District of Columbia. He is single and has three children, one of whom is living with him.

**The weight of the evidence.** The weight of the government's case is overwhelming. Not only were the phone calls from the undercover officer to Odom tape recorded but the transactions themselves were video and audiotaped.

4

**History relating to drug or alcohol abuse.** No drug use was indicated for Cooke and no information was available as to Odom.

**Record concerning appearance at court proceedings and prior criminal record.**

Odom has no prior convictions.

In December of 1985, Cooke was convicted of simple assault and sentenced to 180 days of confinement (suspended) and one year of supervised probation. In September of 1986, Cooke was convicted of theft in Maryland and sentenced to 30 days confinement and one year of probation.

**Whether on probation or parole at the time of the present offense.** Neither defendant was on probation or parole at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants should be detained pending trial. On five occasions, undercover officers audio and videotaped the sale of large amounts of crack cocaine by these two defendants, working jointly. They clearly are in the business of selling large quantities of drugs. They proffered little more than their lifelong ties to the D.C. area to rebut the presumption of their dangerousness created by the Bail Reform Act. I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendants detained without bond pending trial.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

**March 17, 2006**

5